UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

| | |
|---|---|
| JOSEPH N. BUONASORTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MRG (2008-D) HALLANDALE, LLC d/b/a | ) |
| Matteos Trattoria Bar, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **COMPLAINT**

Plaintiff, JOSEPH N. BUONASORTE ("Plaintiff"), sues the Defendant, MRG (2008-D) HALLANDALE, LLC d/b/a Matteos Trattoria Bar ("Defendant"), and alleges as follows:

## **NATURE OF ACTION**

1.      This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination and wrongful termination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*. ("ADEA"); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"); the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title VII"); the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"); and Fla. Stat. § 440.205.

## **PARTIES**

2.      At all times material, Plaintiff was a resident of Broward County, Florida.

3.      Plaintiff was born in 1956 and is over 40 years of age.



4.     At all times material hereto, Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. §630 (f).

5.     At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

6.     At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

7.     At all times material, Defendant was a company doing business in Broward County, Florida. Defendant is and was, at all times relevant, a restaurant and bar, and its business activities affected interstate commerce.

8.     At all times material, Defendant was a "person" and an "employer" as defined by 29 U.S.C.§630(b); 42 USCS § 12111(5); 29 U.S.C.§ 2611(4); Fla. Stat. § 760.02(7); and Fla. Stat. § 440.205.

<strong><u>JURISDICTION AND VENUE</u></strong>

9.     Plaintiff brings this action pursuant to the ADEA, 29 U.S.C. §621 *et seq*.; the FMLA, 29 U.S.C. § 2601 *et seq*.; Title VII; and the FCRA, Fla. Stat. § 760 *et seq*.

10.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights secured by ADEA, FMLA, Title VII, the FCRA, §760.10, Fla. Stat. *et seq*., and Fla. Stat. § 440.205.

11.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has a principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are, or have been administered, in Broward County.



2

## PROCEDURAL REQUIREMENTS

12.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

     a.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

     b.    Plaintiff received a Right to Sue Notice on or about October 18, 2020. More than 180 days have passed since Plaintiff filed his charge of discrimination.

13.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

14.    Plaintiff is a 64-year-old man.

15.    Defendant is a restaurant and bar owned by a company (ROTHMANN'S STEAKHOUSE) that owns and operates multiple restaurants throughout the United States, Florida and New York. Upon information and belief, Defendant is owned by Gennaro Sbarro, Anna Sbarro, and their son, Jerry Sbarro.

16.    Plaintiff worked for Defendant as a Bartender/Bar Manager/Assistant Manager. He began working for the Defendant's restaurant and bar in Hallandale called "Matteo Trattoria & Bar" ("Matteo") on or about July 14, 2005.

17.    On or about April of 2018, Plaintiff suffered a work-related accident that caused him severe injuries.

18.    Approximately four months later, Plaintiff hired worker's compensation lawyers to represent him against Defendant because Defendant's worker's compensation insurance carrier was not giving Plaintiff all the benefits it was required to give pursuant to law.



3

19.     On or about late 2018, Plaintiff learned that Defendant wanted to change "the face" of Matteo by keeping only female bartenders and by hiring only female bartenders younger than him. Plaintiff was warned that the Defendant wanted to "get rid" of him because he is a man and because he is over the age of 40.

20.     At the time the Defendant wanted to change "the face" of Matteo, Plaintiff was the only male behind the bar at Matteo.

21.     On or about December of 2018, Defendant demoted Plaintiff and replaced him with a young woman of approximately 25 years of age. Plaintiff objected to the favoritism for young females over him, but to no avail.

22.     Throughout 2019, Defendant engaged in a campaign to, on a daily basis, harass and belittle Plaintiff in an effort to get him to quit his job, so that Defendant could replace Plaintiff for younger/female employees.

23.     Plaintiff objected to this demeaning treatment and complained to his supervisors (including to Jerry Sbarro) about Matteo's favoritism toward female employees, to no avail.

24.     Instead of appreciating Plaintiff for all the years of hard work he had dedicated to Defendant, Matteo continued promoting young and female employees to management positions. For instance, Defendant promoted a young waitress, Yael (ULN), from waitress, to manager, and then to boss of the general manager, Eduardo (ULN).

25.     Yael (ULN) and Eduardo (ULN) are considerably younger than Plaintiff.

26.     On or about September 18, 2019, after barely resisting daily dosages of harassment and belittlement because of his age and gender, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC").



4

27.     After receiving notice of the Charge of Discrimination (the "Charge"), Jerry Sbarro, on behalf of Defendant, approached Plaintiff and offered him to "settle". Plaintiff did not agree to the settlement terms offered to him by Jerry Sbarro.

28.     Because Plaintiff did not want to settle, Defendant began to harass and belittle Plaintiff even more frequently and intensively, and began to reprimand and discipline Plaintiff in an effort to manufacture a termination "for cause".

29.     Weeks later, Defendant terminated Plaintiff.

30.     Then, in late 2019, the Defendant offered Plaintiff a job strictly as a "bartender" (not as a Bar Manager or Assistant Manager). Plaintiff accepted because he needed income from a job.

31.     However, Defendant's job offer to Plaintiff was a farse and a set up. When Plaintiff went back to work, the Defendant continued to harass Plaintiff and to belittle him because of his age and gender, and continued to write Plaintiff up, apparently to further manufacture reasons to terminate Plaintiff and make it look like Plaintiff was a bad employee.

32.     On or about December 17, 2019, Defendant finally terminated Plaintiff and did not allow him to re-commence work.

33.     At the time of his termination, Plaintiff had a serious medical condition caused by his work-related injuries and had undergone intense medical treatment, which required him to visit his medical providers often.

34.     Throughout 2019, Plaintiff went to his doctors several times for appointments on an intermittent basis, and sometimes he had to take approved leave from work to visit these doctors.

35.     However, Defendant never told Plaintiff anything regarding potential FMLA leave as required by law.



5

36.     Defendant, at all times relevant, was aware of Plaintiff's serious medical condition.

## COUNT I: VIOLATION OF THE FMLA BY DEFENDANT - INTERFERENCE (FAILURE TO OFFER FMLA LEAVE & TERMINATION)

37.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38.     Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

39.     At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his serious medical condition and of his need to often go to his doctors.

40.     Plaintiff provided enough information for Defendant to know that his potential leave may be covered by FMLA.

41.     Defendant was aware that Plaintiff needed intermittent leave to go to his doctors due to his serious medical condition.

42.     Despite its knowledge of Plaintiff's medical condition, Defendant failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

43.     Instead of informing Plaintiff of his rights, Defendant terminated Plaintiff.

44.     Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c.  Award Plaintiff liquidated damages based on Defendant's conduct;

d.  Award Plaintiff prejudgment interest on his damages award;



e.   Award Plaintiff reasonable costs and attorney's fees;

f.   Award Plaintiff any further relief pursuant to the FMLA; and,

g.   Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

### COUNT II: WORKER'S COMPENSATION
### RETALIATION (COERCION AND INTIMIDATION)

45.   Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

46.   This is an action for wrongful, retaliatory coercion and intimidation of an employee in violation of Section 440.205 of the Florida Statutes.

47.   At all times relevant, Plaintiff was employed by the Defendant as a Bartender/Bar Manager/Assistant Manager.

48.   On or about April of 2018, the Plaintiff suffered a work-related injury. The injury happened while Plaintiff was working for the Defendant.

49.   The injury alleged above required medical treatment.

50.   After the work-related accident as described above, the Plaintiff reported his injuries to the Defendant and requested medical treatment.

51.   Later, Plaintiff hired worker's compensation lawyers to help him get benefits, which Defendant's worker's compensation's insurance carrier was not providing.

52.   In response to Plaintiff requesting worker's compensation benefits, Defendant demoted Plaintiff and, in doing so, negatively changed the terms and conditions of Plaintiff's employment.



7

53.     Also, in response to Plaintiff requesting worker's compensation benefits through his lawyers, the Defendant began to harass and discipline Plaintiff, which negatively changed the terms and conditions of Plaintiff's employment.

54.     Fla. Stat. § 440.205   states that "[n]o employer shall discharge, threaten to discharge, **intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

55.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for Defendant to intimidate Plaintiff and coerce him (by demoting him, harassing him, and disciplining him) was that Plaintiff sought or attempted to seek compensation, under the Workers' Compensation Law, as Plaintiff was entitled to do.

56.     A motivating factor which caused Defendants' to coerce and intimidate Plaintiff as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

57.     Alternatively, Plaintiff would not have been coerced or intimidated but for his claiming worker's compensation benefits as described above.

58.     The Defendant's coercion and intimidation of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

59.     By reason of Defendant's wrongful coercion and intimidation of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

60.     The Defendant's conduct in wrongfully coercing and intimidating Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.



**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; punitive damages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT II: WORKER'S
## COMPENSATION RETALIATION (TERMINATION)

61.    Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-36 as if fully set forth herein.

62.    This is an action for wrongful, retaliatory coercion and intimidation of an employee in violation of Section 440.205 of the Florida Statutes.

63.    At all times relevant, Plaintiff was employed by the Defendant as a Bartender/Bar Manager/Assistant Manager.

64.    On or about April of 2018, the Plaintiff suffered a work-related injury. The injury happened while Plaintiff was working for the Defendant.

65.    The injury alleged above required medical treatment.

66.    After the work-related accident as described above, the Plaintiff reported his injuries to the Defendant and requested medical treatment.

67.    Later, Plaintiff hired worker's compensation lawyers to help him get benefits, which Defendant's worker's compensation's insurance carrier was not providing.

68.    In response, Defendant terminated Plaintiff.



69.     Fla. Stat. § 440.205  states that "[n]o employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

70.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for Defendant to discharge Plaintiff was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

71.     A motivating factor which caused Defendants' to discharge Plaintiff as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

72.     Alternatively, Plaintiff would not have been discharged but for his claiming worker's compensation benefits as described above.

73.     The Defendant's discharge of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

74.     By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

75.     The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; punitive damages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.



## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT IV: AGE DISCRIMINATION (ADEA)

76.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

77.     At all times material to this action, Defendants engaged in unlawful discrimination against Plaintiff due to his age, in violation of the ADEA.

78.     Plaintiff is over 40 years old and is within a protected class.

79.     Plaintiff was qualified to perform his job as Bartender/Bar Manager/Assistant Manager.

80.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, subjecting Plaintiff to harassment, by demoting Plaintiff, by promoting younger employees, and ultimately by firing Plaintiff.

81.     The effect of the practices complained of in paragraphs 1-36 has been to deprive Plaintiff of equal employment opportunities, specifically his employment, because of his age.

82.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

83.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:



a. Enter judgment in Plaintiff's favor and against the Defendants for their violations of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, lost of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief, as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT V: RETALIATION (ADEA)

84. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

85. While working for the Defendant, Plaintiff objected to being treated differently because of his age.

86. Eventually, Plaintiff filed a charge of discrimination with the EEOC.

87. Following Plaintiff's filing of his charge of discrimination, Defendant's harassment of Plaintiff worsened and ultimately the Defendant fired Plaintiff.

88. Defendant's actions were motivated by an intent to retaliate against Plaintiff for his protected activity under the ADEA.

89. Defendant willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited.



90.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  Enter judgment in Plaintiff's favor and against the Defendants for its violations of the ADEA;

b.  Award Plaintiff actual damages suffered, including lost wages, lost of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.  Award Plaintiff liquidated damages based on Defendants' willful and/or reckless conduct;

e.  Award Plaintiff prejudgment interest on her damages award;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT VI: AGE DISCRIMINATION (FCRA)

91.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 36 above as if set out in full herein.

92.     At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with



13

respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

93. The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's age. Alternatively, Plaintiff's age was a motivating factor in Defendant's discrimination of Plaintiff.

94. At all times relevant, Defendant was aware of Plaintiff's age.

95. At all times relevant, Plaintiff was qualified for his position as a Bartender/Bar Manager/Assistant Manager for Defendant.

96. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms, conditions, and benefits of his employment by, *inter alia*, harassing, demoting Plaintiff, promoting younger employees, and terminating Plaintiff because of his age. Alternatively, Plaintiff's age was a motivating factor in Defendant's discrimination of Plaintiff.

97. As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

98. Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

99. The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:



a.       Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.       Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.       Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.       Award Plaintiff prejudgment interest on his damages award;

e.       Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

f.       Award Plaintiff punitive damages against Defendant;

g.       Award Plaintiff reasonable costs and attorney's fees; and

h.       Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT VII: RETALIATION (FCRA)

100.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 36 above as if set out in full herein.

101.    At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.



15

102.     The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's age and gender.

103.     At all times relevant, Defendant was aware of Plaintiff's age and that Plaintiff is a man.

104.     At all times relevant, Plaintiff was qualified for his position as Bartender/Bar Manager/Assistant Manager.

105.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by harassing, demoting Plaintiff, by promoting younger and female employees, and then by terminating Plaintiff after he verbally objected to being treated differently because of his age and gender, and after Plaintiff filed a charge of discrimination with the EEOC.

106.     Defendant retaliated against Plaintiff because he engaged in protected activity by objecting to discrimination and by filing a charge of discrimination.

107.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

108.     Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

109.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:



16

a.      Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.      Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.      Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff prejudgment interest on his damages award;

e.      Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable costs and attorney's fees; and

h.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT VIII: GENDER DISCRIMINATION – TERMINATION (TITLE VII)

110.    Plaintiff repeats and re-alleges paragraphs 1 – 36 as if fully stated herein.

111.    At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to his gender (male), in violation of Title VII, which prohibits discrimination in the workplace on account of gender.

112.    Plaintiff is a man and as such is within a protected class.

113.    Defendant terminated Plaintiff's employment because of Plaintiff's gender. Alternatively, Plaintiff's gender was a motivating factor in Defendant's decision to terminate Plaintiff.

114.    Plaintiff was discriminated in the terms, conditions, or privileges of employment and was ultimately discharged from his employment with Defendant. Plaintiff's gender was a



17

motive to discriminate against him, by terminating his employment in violation of Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes said discrimination and termination an unlawful employment practice. Plaintiff's gender was a motivating factor in the decision to discharge Plaintiff from employment.

115.    The discrimination of Plaintiff (harassment, demotion, hiring and promoting of female employees) by Defendant was on the basis of Plaintiff's gender, to wit: Male.

116.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

117.    The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.    Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII of the Civil Rights Act;

b.    Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c.    Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;



d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement),

and any other damages allowed under Title VII of the Civil Rights Act;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT IX: GENDER DISCRIMINATION – HOSTILE WORK ENVIRONMENT (TITLE VII)

118.    Plaintiff repeats and re-alleges paragraphs 1 – 36 as if fully stated herein.

119.    Plaintiff was harassed, demoted, and discriminated in the terms, conditions, or

privileges of employment. Plaintiff's gender was a motive to discriminate against him in violation

of Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes the hostile work environment

he endured because of his gender an unlawful employment practice.

120.    Plaintiff's gender was a motivating factor in the decision to harass, demote Plaintiff,

promote female co-workers, and in creating and perpetuating a hostile work environment against

him.

121.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff

has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is

being, and will be in the future, deprived of income in the form of wages and of prospective

benefits solely because of Defendant's conduct.



19

122.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.       Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII of the Civil Rights Act;

b.       Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c.       Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.       Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

e.       Award Plaintiff prejudgment interest on her damages award;

f.       Award Plaintiff reasonable costs and attorney's fees; and

g.       Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT X: RETALIATION (TITLE VII)

123.     Plaintiff repeats and re-alleges paragraphs 1 – 36, as if fully stated herein.

124.     Plaintiff opposed the discriminatory behavior of the Defendant on the basis of Plaintiff's gender.



125.    Plaintiff also complained about gender discrimination when he filed his charge of discrimination with the EEOC.

126.    By opposing Defendant's discriminatory actions and by filing his charge of discrimination, Plaintiff engaged in a protected activity.

127.    Plaintiff was intensively harassed, demoted, and later terminated because he engaged in a protected activity.

128.    As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

129.    The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      Enter judgment in Plaintiff's favor and against Defendant for its violations of the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a);

b.      Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.      Award Plaintiff compensatory damages under the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a), for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;



d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the antiretaliatory provisions of Title VII;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT XI: DISCRIMINATION BASED ON GENDER – TERMINATION (FCRA)

130.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 36 above as if set out in full herein.

58.     At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

59.     The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's gender, to wit: Male.

60.     At all times relevant, Defendant was aware that Plaintiff was and is a man.

61.     At all times relevant, Plaintiff was qualified for his position as a Bartender/Bar Manager/Assistant Manager.

62.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated



22

employees in the terms, conditions, and benefits of his employment by, *inter alia*, terminating Plaintiff, demoting Plaintiff, and promoting female co-workers, because of Plaintiff's gender.

63.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

64.     Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

65.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on his damages award;

e.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;



23

     f.   Award Plaintiff punitive damages;

     g.   Award Plaintiff reasonable costs and attorney's fees; and

     h.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## COUNT XII: GENDER DISCRIMINATION –
## HOSTILE WORK ENVIRONMENT (FCRA)

66.    Plaintiff repeats and re-alleges paragraphs 1 – 36 as if fully stated herein.

67.    At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

68.    The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's gender, to wit: Male.

69.    Defendant created a hostile work environment for Plaintiff when it harassed Plaintiff, promoted female co-workers, and demoted Plaintiff because of his gender. Alternatively, Plaintiff's gender was a motivating factor that caused Defendant to discriminate against Plaintiff by harassing him, demoting him, by promoting female co-workers, and by terminating Plaintiff, all of which created a hostile work environment.

70.    At all times relevant, Defendant was aware that Plaintiff was and is a man.

71.    At all times relevant, Plaintiff was qualified for his position as a Bartender/Bar Manager/Assistant Manager.



24

72.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms, conditions, and benefits of his employment by, *inter alia*, creating a hostile work environment for Plaintiff because of his gender.

73.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

74.     Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

75.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on his damages award;



e.   Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

f.   Award Plaintiff punitive damages;

g.   Award Plaintiff reasonable costs and attorney's fees; and

h.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 11, 2021.

Respectfully submitted,

**By: /s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esq.
Fla. Bar No.: 297779
E-mail: asmukler@saenzanderson.com
R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

